**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

MARCUS DRYER,                               )
                                            )
      Petitioner,                      )
                                            )
vs.                                         )    CIVIL ACTION NO. 25-74-KD-MU
                                            )
FEDERAL BUREAU OF PRISONS,                  )
                                            )
      Respondent.                      )

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Marcus Dreyer, proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on February 10, 2025. (Doc. 1). Petitioner did not pay the required filing fee or file an "Application to Proceed in District Court Without Prepaying Fees and Costs" and did not file his petition on this Court's form for a petition under 28 U.S.C. § 2241, as is required. *See* S.D. Ala. Civil LR 9(b). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's proceedings, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Petitioner's failure to prosecute and to comply with the Court's order.

On May 2, 2025, the Court entered an order instructing Petitioner to pay the required $5.00 filing fee or to file a motion to proceed without prepayment of fees on this Court's form and to refile his petition on this Court's § 2241 form on or before June 2, 2025. (Doc. 2). Petitioner was mailed a copy of the Order, a copy of the form motion to proceed without prepayment of fees, and a form § 2241 petition on the date the Order was entered. To date, Petitioner has not paid the required $5.00 filing fee or filed a motion

to proceed without prepayment of fees, has not filed an amended petition on the required form, nor communicated with the Court in any manner.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (internal quotation marks omitted)). *Accord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

Due to Petitioner's failure to comply with the Court's order and to prosecute this action, it is recommended that this action be dismissed without prejudice, as no lesser sanction will suffice to address Petitioner's willful conduct. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied*, 493 U.S. 863 (1989); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee even though he filed his signed consent form); *Freeze v. Sec'y,*

*Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **10th** day of **July**, **2025**.

s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**